REILLY et al. v. TULL.

(Supreme Court, Appellate Term. February 4, 1907.)

**LANDLORD AND TENANT—LANDLORD'S DUTY TO REPAIR.**

Where a lease of a building provided that the landlord should make all
repairs to the roof and not be liable for damage caused by leakage unless
he should neglect to repair within a reasonable time after written no-
tice, and a skylight repeatedly became out of order and the repairing was
defective and the roof imperfectly protected while the repairs were being
made by the landlord, he was liable for damages ensuing to the tenant
from leakage.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Ten-
ant, §§ 648, 649.]

Appeal from Municipal Court, Borough of Manhattan, First Dis-
trict.

Action by Peter H. Reilly and another against Samuel P. Tull. From a judgment in favor of defendant, plaintiffs appeal. Reversed, and new trial granted.

Argued before GILDERSLEEVE, BLANCHARD, and DAYTON, JJ.

Henry G. K. Heath, for appellants.

Ira Leo Bamberger (Sidney Lowenthal, of counsel), for respondent.

PER CURIAM. The plaintiffs, as copartners, were tenants of a store and basement of defendant. The former claim that rain came through a leakage in the skylight of the building and damaged plaintiffs' furniture; also that rain came through an opening where the skylight had been while the latter was being repaired, and damaged plaintiffs' books, ink, desk, and wall paper; also that damage was done to wall paper by leakage of steam pipes. The justice found for defendant. Plaintiffs appeal.

The lease provided that defendant should make all repairs to the roof and exterior of the building, but should not be liable for damage caused by leakage of roof, vault lights, or skylights, unless defendant neglected to repair the same within a reasonable time after written notice of such leakage had been delivered to defendant. The evidence shows that the skylight was repeatedly getting out of order, and due notice thereof given to defendant, while the inference is very clear that the repairing was defective or insufficient, and the roof imperfectly protected from rain while the reparations were being done by defendant. The evidence as to the amount of damage is open to criticism, but there is enough to show that plaintiffs were at least entitled to nominal damage, and the judgment for defendant is not sustained by the testimony. We are of opinion that in the interests of justice the judgment should be reversed and a new trial granted, with costs to appellants to abide the event.

Judgment reversed, and new trial granted, with costs to appellants to abide the event.